**IN THE COURT OF APPEALS OF IOWA**

No. 17-1482
Filed January 24, 2018

**IN THE INTEREST OF W.B.,**
**Minor Child,**

**M.G., Mother,**
     Appellant,

**D.B., Father,**
     Appellant.
_____

Appeal from the Iowa District Court for Crawford County, Mary L. McCollum Timko, Associate Juvenile Judge.

A mother and a father separately appeal from the order terminating their parental rights. **AFFIRMED ON BOTH APPEALS.**

Thomas E. Gustafson of Gustafson Law Firm, Denison, for appellant mother.

Dean A. Fankhauser of Fankhauser Rachel, P.L.C., Sioux City, for appellant father.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Kara L. Minnihan, Onawa, guardian ad litem for minor child.

Considered by Danilson, C.J., and Doyle and Mullins, JJ.

**DANILSON, Chief Judge.**

A mother and a father separately appeal from the order terminating their parental rights to their child, W.B., pursuant to Iowa Code section 232.116(1)(e), (h), and (*l*) (2017).[1]

This court reviews termination proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). "On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

---

[1] Section 232.116(1) authorizes a court to terminate a parent's rights where:
　(e) The court finds that all of the following have occurred:
　　(1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
　　(2) The child has been removed from the physical custody of the child's parents for a period of at least six consecutive months.
　　(3) There is clear and convincing evidence that the parents have not maintained significant and meaningful contact with the child during the previous six consecutive months and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so. . . .
　. . . .
　(h) The court finds that all of the following have occurred:
　　(1) The child is three years of age or younger.
　　(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
　　(3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
　　(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.
　. . . .
　(*l*) The court finds that all of the following have occurred:
　　(1) The child has been adjudicated a child in need of assistance pursuant to section 232.96 and custody has been transferred from the child's parents for placement pursuant to section 232.102.
　　(2) The parent has a severe substance-related disorder and presents a danger to self or others as evidenced by prior acts.
　　(3) There is clear and convincing evidence that the parent's prognosis indicates that the child will not be able to be returned to the custody of the parent within a reasonable period of time considering the child's age and need for a permanent home.

W.B. was born in September 2015. On December 2, 2016, the department of human services (DHS) received allegations the father and mother were using methamphetamine and marijuana while caring for W.B., they had taken the child with them on drug deals, and they had physically assaulted each other in the child's presence. A child-abuse assessment was conducted. The parents denied the allegations of drug use but their hair-stat tests were positive for methamphetamine at very high levels. Due to the parents' positive drug tests, the mother's erratic behavior, DHS's inability to obtain the cooperation of the parents to create a safety plan, and the family's plans to leave the state without participating in services, the court ordered the child's removal.

On January 17, 2017, the juvenile court adjudicated W.B. a child in need of assistance (CINA). The parents' visits were to be supervised. The parents were to cooperate with Family Safety, Risk, and Permanency Services and random drug testing, participate in substance-abuse treatment, and obtain employment and housing.

On April 13, both parents submitted urine samples that tested positive for methamphetamine.

On April 24, the court entered a dispositional order that continued the child's out-of-home placement. The court observed the parents had not consistently visited their child, continued to use illegal substances, and were not willing to follow through with recommendations to address domestic violence in their relationship. The parents did not have a stable address and were not employed. Concerns were raised about the mother's mental health but the

mother refused to obtain a mental-health evaluation. A permanency hearing was originally scheduled for June 8 but was continued twice.

A July 6 report to the court noted the parents had been offered fifty-eight supervised interactions between January and July—the parents attended only thirteen.

A July 13 case progress report noted the parents completed substance-abuse evaluations on February 21 but "have not followed through with the recommendations of weekly individuals and groups. They have not attended." Both parents had been arrested and jailed on July 7 and were facing prosecution on drug charges.

In August, the mother underwent another substance-abuse assessment. The mother acknowledged use of methamphetamine and marijuana but indicated she had not used illegal substances in the past thirty days (since being arrested). She reported past treatment for psychological and emotional problems and having recent suicidal thoughts. The mother also reported she was likely pregnant. Extended outpatient services were recommended.

The permanency/termination trial was held on August 17. After the hearing, the court terminated both parents' rights. They each appeal. Both parents assert the State has failed to prove grounds for termination exist.

At the time of termination, W.B. was under three years of age, had been adjudicated a CINA, had been out of the parents' custody for more than the statutory six consecutive months, and could not be returned to the parents' care at that time without risk of harm. Thus, there is clear and convincing evidence to support termination under Iowa Code section 232.116(1)(h).

While the parents both claimed very recent progress such as obtaining employment, moving in with the mother's mother, and being substance free for the last thirty days, such last-minute efforts are too little, too late. *See In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000). There may be no greater challenge than to parent a child, and we acknowledge there is no perfect parent. We do expect, however, that a parent's efforts exceed a meager or sporadic level of cooperation with services and that progress will be sufficiently sustained to evoke confidence. Unfortunately, sometimes a parent's willingness and ability to cooperate and progress are compromised by usage of drugs or alcohol, or both. Here, both parents have faced difficulties in avoiding the use of drugs.

In light of the parents' long-standing substance-abuse issues and resistance to services and mental-health and substance-abuse treatment, thirty days of sobriety is not enough to inspire optimism. At the hearing, the parents asked for additional time, by which they impliedly acknowledged their efforts to date were not sufficient to allow the return of the child to their care. The juvenile court indicated that allowing additional time was inappropriate for these parents because there had simply not been enough progress made that would warrant another six-month delay in permanency for this child. We agree.

We find termination is warranted under section 232.116(1)(h), and termination of the parents' rights will best provide for the child's stability and long-term needs. Moreover, no permissive factor in section 232.116(3) is applicable to avoid termination. We therefore affirm on both appeals.

**AFFIRMED ON BOTH APPEALS.**